# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DANIEL SWOPE,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-0378** (BOR Appeal No. 2052293)
                    (Claim No. 2016028981)

**QUAD GRAPHICS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Daniel Swope, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Quad Graphics, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

The issues on appeal are additional compensable conditions and mileage reimbursement. The claims administrator denied the addition of chronic pain syndrome, myalgia, cervicalgia, and low back pain to the claim on July 13, 2017. In a separate decision that day, the claims administrator also denied a request for mileage reimbursement. The Office of Judges affirmed the decision in its October 20, 2017, Order. The Order was affirmed by the Board of Review on March 27, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Swope, a laborer, was injured in the course of his employment on May 15, 2016, when he fell down some stairs. A treatment note from Berkeley Medical Center Emergency Department the following day indicates Mr. Swope was seen for right neck and lower back pain that radiated into the right leg. It was noted that he was at work on a four foot ladder when he lost his balance and fell. He reported that he had been treated at the National Spine & Pain

1

Centers but stated that he no longer saw them because he no longer required medication. He was diagnosed with cervical strain, exacerbation of chronic back pain and right sciatica.

Prior to the compensable injury, Mr. Swope underwent a lumbar MRI on June 25, 2014, which showed mild to moderate spondylosis and degenerative disc disease, most severe at T11-12 and L5-S1. It also showed that Mr. Swope likely had lumbarization[1] at the S1 level. Kristopher Ryan A. de Lara, M.D., interpreted the MRI as showing partial degeneration and slight loss of disc height at L3-4, a mild disc bulge at L4-5, a small protrusion at L5-S1 with contact of the S1 nerve root.

Treatment notes from the National Spine & Pain Center from July 14, 2014, to January 28, 2016, indicate Mr. Swope was treated for low back pain that radiated to the right leg. The pain had been present for five years. He attributed the pain to his work as a truck driver. Mr. Swope was diagnosed with degenerative disc disease, lumbar radiculopathy, facet arthropathy, and myofascial pain syndrome. It was also noted that he had uncontrolled bipolar disorder, which may affect his pain level. Mr. Swope underwent injections which provided some temporary relief. It was noted that he aggravated his back pain while at work on at least two occasions. He was still working fulltime.

A lumbar MRI taken on December 22, 2015, showed multilevel degenerative disc disease that was stable. The degenerative changes were worse at T11-T12 where there was a disc protrusion impinging on the ventral cord. At L5-S1 there was a broad based disc bulge contacting the S1 nerve root. The MRI was interpreted by Ali El-Mohandes, M.D., from the National Spine & Pain Center, on January 28, 2016, as showing a T11-12 central disc protrusion, L4-5 minimal disc bulge, and L5-S1 broad based disc bulge indenting the thecal sac and contacting the S1 nerve root.

Following the compensable injury, Mr. Swope was treated by Jeffrey Whyte, M.D. A May 20, 2016, treatment note indicates Mr. Swope was seen for neck and back pain due to a work related injury. He stated that he was on stairs, not a ladder, and fell to the ground. He sought treatment the following day. Dr. Whyte noted that Mr. Swope's activities of daily living were impaired. He diagnosed low back strain, chronic low back pain, and cervical strain. On May 26, 2016, Mr. Swope returned and reported that his right arm and lower back pain had improved. His neck still caused significant pain. Dr. Whyte opined that he was reasonably certain the symptoms were the result of the compensable injury.

A July 15, 2016, treatment note by Dr. El-Mohandes's physician's assistant, Melissa Ogle, indicates Mr. Swope reported chronic pain in the lumbar and cervical spine. It was noted that the pain was caused by a fall at work on May 15, 2016; however, it was also noted that the pain had been present for years. Ms. Ogle diagnosed neck and myofascial pain.

---

[1] Lumbarization is a congenital abnormality present since birth that can cause pain and limited range of motion.

Mr. Swope testified in a deposition on August 26, 2016, that he walked up some steps to retrieve some books and on the way down, he missed a step. He stated that he was not on a ladder but was on steps that were higher than normal house stairs. He reported the injury the following day and completed an accident report. He testified that he still has persistent neck pain that goes into his arms and also still has lower back symptoms. On September 19, 2017, he testified in a hearing before the Office of Judges that he had no cervical symptom prior to the compensable injury. Before the injury, he worked fifty or sixty hours a week and since the injury he has been unable to work.

On September 12, 2016, Dr. El-Mohandes's physician's assistant, Luckricia Olivacce, noted that Mr. Swope reported neck and bilateral shoulder pain. Ms. Olivacce diagnosed neck pain. On October 12, 2017, Dr. El-Mohandes commented that Mr. Swope's CT scan was unremarkable. He diagnosed cervical intervertebral disc degeneration and recommended an MRI. The MRI was performed on September 28, 2016, and showed early degenerative changes in the cervical spine, a disc protrusion at C4-5, and a disc bulge resulting in mild bilateral foraminal stenosis at C5-6.

Mr. Swope was treated by Dr. El-Mohandes again on December 7, 2016, for cervical radiculopathy. He had cervical branch blocks, and Dr. El-Mohandes diagnosed cervical facet joint syndrome and cervical spondylosis. On December 21, 2016, he noted mild to moderate multilevel degenerative disc disease in the cervical and lumbar spines. Dr. El-Mohandes diagnosed cervical facet joint degeneration. On January 18, 2017, Mr. Swope saw the physician's assistant, Ms. Olivacce, and it was noted that his symptoms remained the same. She recommended physical therapy and diagnosed neck pain. On February 15, 2017, Mr. Swope reported that he began taking methadone for financial reasons. He was released to return to work as tolerated. On April 12, 2017, he reported that he had some improvement on the methadone, which he was taking for chronic pain. The diagnosis remained neck pain.

On June 7, 2017, Ms. Olivacce diagnosed chronic pain syndrome with myofascial pain, neck pain, and low back pain. On June 21, 2017, in a diagnosis update, she requested that chronic pain syndrome, myalgia, cervicalgia, and low back pain be added as compensable conditions. Ms. Olivacce treated Mr. Swope again on August 3, 2017, at which time he requested a return to work date. Ms. Olivacce stated that he was disabled from May 15, 2016, through December 31, 2017, and could likely return in January of 2018. Ms. Olivacce stated that she could not conclude that Mr. Swope's cervical pathology is a direct result of the compensable injury.

In a September 13, 2017, record review, Joseph Grady, M.D., noted that Mr. Swope had a long history of lumbar treatment prior to the compensable injury. Also, he was treated for chronic pain syndrome prior to the compensable injury. Dr. Grady opined that Mr. Swope had preexisting myalgia and low back pain. He further opined that cervicalgia could possibly be added to the claim; however, the claim was already compensable for cervical sprain, which would include cervicalgia. Also, an MRI taken on October 20, 2016, showed cervical degenerative changes, which could not be attributed to the compensable injury.

On July 13, 2017, the claims administrator denied the addition of chronic pain syndrome, myalgia, cervicalgia, and low back pain to the claim. In a separate decision that day, the claims administrator also denied a request for mileage reimbursement for visits to Dr. El-Mohandes as the treatment obtained on those days was not medically necessary or reasonably required to treat the compensable injury. The Office of Judges affirmed the decisions in its October 20, 2017, Order.

The Office of Judges found that aside from chronic pain syndrome, the rest of the additional requested diagnoses are essentially symptoms. Myalgia is at term for joint pain and cervicalgia is a term for neck pain. Mr. Swope also requested that low back pain be added to the claim. The Office of Judges concluded that low back pain could not be added to the claim because Mr. Swope was receiving treatment for lower back pain prior to the compensable injury. Pursuant to *Gill v. City of Charleston* 783 S.E.2d 857 (W.Va. 2016), preexisting medical conditions cannot be held compensable unless a discrete new injury has occurred. Mr. Swope also requested that cervicalgia and myalgia be added to the claim, but the Office of Judges found that these are symptoms, not medical conditions. Further, Ms. Olivacce's August 3, 2017, treatment note indicates she could not conclude that the cervical symptoms resulted from the compensable injury.

The Office of Judges next determined that the request for chronic pain syndrome was vague as it did not specify if it was cervical or lumbar chronic pain syndrome. Lumbar chronic pain syndrome was found to be noncompensable as Mr. Swope had lumbar pain prior to the compensable injury. The Office of Judges also found that Mr. Swope failed to provide sufficient evidence to show that cervical chronic pain syndrome was caused by the compensable injury. Dr. Grady found in his record review that Mr. Swope had no cervical symptoms prior to the compensable injury; however, Dr. El-Mohnades and Ms. Olivacce concluded on August 3, 2017, that they could not attribute the cervical condition to the compensable injury. Regarding mileage reimbursement, the Office of Judges found that Dr. El-Mohandes's treatment notes clearly show that he is treating Mr. Swope for more than the compensable sprains. Since the conditions Dr. El-Mohandes is treating him for were found to be noncompensable, mileage reimbursement for treatment of those noncompensable conditions was properly denied.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 27, 2018. After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

4

**ISSUED:** November 2, 2018


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.